UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**LISA SHEPARD**,
an individual,
Plaintiff,

Hon.
Case No.

v.

**HOMESITE GROUP INCORPORATED**
foreign Profit Corporation,
Defendant

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr.  (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL  COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Lisa Shepard, ("Shepard"), by and through her attorneys at Avanti Law Group, PLLC, and states in support of this Complaint the following:

**NATURE OF ACTION**

1. Plaintiff brings this action under the American Disabilities Act ("ADA"), 42 42 U.S.C. § 12111(2)., and Persons with Disabilities Civil Rights Act, M.C.L. 37.1201, et seq., and the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA") to remedy Defendant's unlawful employment practices in violation by firing Plaintiff because of her disability and/or disability accommodation requests. Plaintiff demands appropriate relief for having been adversely affected by Defendant's actions.

1

## JURISDICTION AND VENUE

2. This action arises from a violation of Title III of the ADA, 42 U.S.C. § 12181, et. seq., and the PDCRA, MCL §37.1301 et. seq. This Court has original jurisdiction pursuant to 28 USC § 1331 and 28 USC §1343 and supplemental jurisdiction under 28 USC §1367.

3. Defendant Homesite Group Incorporated is a foreign profit corporation whose headquarters is located in Massachusetts, but has a registered office in Lansing Michigan.

4. Defendant Homesite Group Incorporated operates a property and casualty insurance company that constitutes a place of public accommodation subject to the ADA.

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

6. Plaintiff has fulfilled all the conditions precedent to the institution of this action under 42 U.S.C. §2000(e). On or about November 11, 2023, Plaintiff filed a timely charge of discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission ("EEOC"), EEOC #471-2024-01221. The charge alleged that she had been discriminated against on the basis of her disability.

7. On June 3, 2024, the EEOC issued a Dismissal and Notice of Rights letter ("Notice") to Plaintiff. *See Exhibit A*.

8. This Complaint has been filed within ninety (90) days of receipt of the Notice.

## PARTIES

9. Plaintiff is a resident of Kent County, Michigan, and disabled at all times material to this complaint.

10. Plaintiff is an individual with degenerative disc disease which is a chronic condition that causes pain due to the damaged discs.

11. Defendant Homesite Group Incorporated ("HSI"), is an insurance company and is an employer within the meaning of section § 203(d) of Title 29 and of 42 U.S.C. § 2000e(b), (g), and (h). Defendant does business of more than $500,000 per year.

12. At all relevant times, Defendant employed more than 50 employees.

## GENERAL ALLEGATIONS

13. Plaintiff began working for HSC in April 4, 2022 through December 14, 2024.

14. Plaintiff was hired to be a Coaching Supervisor and her responsibilities included: managed a small call center team in regards to the sales of insurance, assisted in payroll, assisted in side projects such as receiving company complaints and employee engagement.

15. Plaintiff was diagnosed with Degenerative Disc Disease in 2017. Plaintiff experiences extreme back spasms that prohibits her from performing a full day of work.

16. During her employment, Plaintiff had periods where her condition would flare up to the point it caused unbearable pain and she needed to request medical leave.

17. The last such instance of Plaintiff requesting medical leave was on August 18, 2023 and she was to return to work on September 9, 2023, however Plaintiff had not fully recovered in that period of time and required additional time to heal. Two extensions for Plaintiff's leave of absence were granted and Plaintiff was to return work on December 13, 2023.

18. Plaintiff's initial medical leave request for August 18, 2023 through September 9, 2023 was denied, promoting an appeal but was ultimately denied.

19. Plaintiff was not compensated for her leave from August 18, 2023 through September 9, 2023 as would have been customary under the company's short term disability carrier due to Defendant's denial of leave.

20. Plaintiff requested leave again to begin on September 9, 2023 through December 13, 2023 and this request was approved.

21. Plaintiff would reach out to Sedgwick to ensure that her FMLA was extended on time and inquire about what would happen if she did not have enough FMLA time to recover. The representative at Sedgwick informed her that if she ran out of FMLA time, they could file an ADA complaint on her behalf. The complaint was never filed.

22. Plaintiff received a message from Jessica Sadegi-Guran, the General Operations Manager, requesting a meeting. Unaware of the meeting's purpose, Plaintiff requested additional information, but her inquiry went unanswered.

23. On November 29, 2023, Plaintiff received a phone call for Ms. Guran and Clark Carter. During this call, Ms. Guran informed Plaintiff that due to the business needs she was being replaced, and her position was no longer available.

24. During this phone conversation Ms. Guran was rushing through the topics, and several comments were made that implied that Plaintiff was being terminated.

25. During Plaintiff's leave of absence there was no indication that her leave was causing a strain in her department.

26. Plaintiff inquired about her compensation, if she still had medical insurance and what was going to happen next due to her being replaced. Mr. Carter stated that she would no longer have medical insurance after December 1, 2023.

27. Due to Plaintiff's Degenerative Disc disorder, she required to be seen by several doctors, specialists, and take a specific medication.

28. On November 30, 2023 Plaintiff received an email from Mr. Carter stating that he misspoke regarding her medical insurance and in fact that she still had her benefits until further notice.

29. This situation caused significant confusion for Plaintiff, leading her to reach out to various individuals from Human Resources, Case managers from Sedgewick, Ms. Amanda Mulemas, Mr. Carter, regarding documentation and clarification regarding her employment status and benefits. Most of these inquiries went unanswered and/or were disregarded.

30. When Plaintiff was able to contact someone from HR about her situation she was told that someone from the benefits and leaves department would call her back due their expertise. However, no one ever did.

31. On December 13, 2023, Plaintiff received a call from Ms. Guran and Mr. Carter terminating her employment, due to her use of profanity and abruptly hanging up on them on November 29,2023, claiming that she violated company policy via misconduct.

32. Plaintiff's unemployment claim was challenged due to the allegations of misconduct but Defendants failed to produce any evidence of the alleged misconduct and the unemployment claim was approved.

33. Defendants also failed to respond to the EEOC complaint filed by Plaintiff.

34. Other employees from HGI went on a leave of absence and were not replaced nor were they subject to the same treatment as Plaintiff.

35. Plaintiff has been unemployed and without medical insurance since her termination.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

36. Plaintiff incorporates by reference all previous paragraphs as if fully stated herein.

37. Title I of the ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, requires covered employers, such as Defendant, to provide reasonable accommodations to otherwise qualified employees with disabilities.

38. Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA by firing Plaintiff because of her disability and/or disability accommodation requests.

39. At all times Plaintiff was qualified to perform her job and she remains so qualified.

40. The effects of Defendant's discriminatory practices have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and disability accommodation requests.

41. These practices inflicted emotional pain and suffering on Plaintiff and deprived her of the financial benefits of working for Defendant.

42. Defendant failed to provide Plaintiff a reasonable accommodation, including but not limited to a reassignment to a vacant position within the Defendant's organization where such an accommodation was available. 42 U.S.C. §§ 12112(a) and (b); 29 C.R.F. § 1630.9.

43. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630.

44. As a result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages.

## Count II
## VIOLATION OF THE PERSONS WITH DISABILITIES ACT

45. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

46. At all material times, Defendants were employers covered by and within the meaning of the Persons with Disabilities Civil Rights Act, M.C.L. 37.1201, et seq., and Plaintiff was their employee.

47. Defendant had engaged in unlawful employment practices in violation of the PDCRA by firing Plaintiff because of her disability and/or disability accommodation requests.

48. The effects of Defendant's discriminatory practices have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and disability accommodation requests.

49. These practices inflicted emotional pain and suffering on Plaintiff and deprived her of the financial benefits of working for Defendants.

## COUNT III
## Violation of FMLA

50. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

51. Defendants are and have been at all relevant times engaged in commerce or an industry of activity affecting commerce.

52. Defendants employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

53. Defendants are employers within the meaning of section 101(4) of the FMLA.

54. The plaintiff requested her initial medical leave request for August 18, 2023 through September 9,2023 and was denied.

55. At the time of the relevant requests, Plaintiff had been employed by Defendants for at least 12 months and had performed at least 1,250 hours of service with Defendants during the previous twelve-month period.

56. Plaintiff was entitled to leave as provided under section 102(a) of the FMLA.

57. Plaintiff was eventually granted leave upon a second request under the FMLA but was later retaliated against by Defendant for exercising her rights under the law.

58. Defendant violated section 105(a)(1) of the FMLA by interfering with or restraining Beldo's exercise of rights under the law.

59. As a direct and proximate result of these wrongful acts, Plaintiff has sustained a loss of earnings and benefits.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in her favor against Defendant for the following relief:

a. Grant Judgment in favor of Plaintiff and declare that Defendant has violated Title I of the ADA, 42 U.S.C. § 12111 *et seq.*, and its accompanying regulation;

b. Damages under 29 U.S.C. § 2617(a)(1)(A) (i)(I) for any wages, salary, employment benefits, or other compensation denied or lost because of defendant's wrongful conduct;

c. Compensatory damages in the amount Plaintiff is found to be entitled to;

d. Punitive and exemplary damages commensurate with the wrong;

e. An award of interest, costs, and reasonable, actual attorney fees; and

f. Other statutory, legal, or equitable relief the Court may deem just or equitable.

Dated: August 05, 2024               Respectfully Submitted,

                                     */s/   Robert Anthony Alvarez            .*

                                     Robert Anthony Alvarez (P66954)
                                     Victor M. Jimenez Jr (P85194)
                                     Attorneys for Plaintiff
                                     Avanti Law Group. PLLC

### REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 05, 2024               Respectfully Submitted,

                                     */s/   Robert Anthony Alvarez            .*

                                     Robert Anthony Alvarez (P66954)
                                     Victor M. Jimenez Jr (P85194)
                                     Attorneys for Plaintiff
                                     Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 7/26/2024          /s/ Lisa Shepard